# NO. 12-12-00184-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN DEWBERRY,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Justin Dewberry appeals his conviction for evading arrest or detention.  In two issues, Appellant argues that the evidence is insufficient to support the verdict. We affirm.

### BACKGROUND

One evening in July 2011, City of Tyler police officers attempted to arrest Appellant for an outstanding warrant.   The officers had information that he was at a particular address, and several officers travelled to the residence in an attempt to apprehend him.   As the officers were setting up a perimeter around the residence, Appellant left in a Lincoln sedan.   Officers followed him and initiated a traffic stop.   Appellant stopped the Lincoln and ran.    The officers gave chase, but Appellant successfully evaded them that night.   While chasing Appellant, Officer Donald Shafer injured himself by running into a clothesline that he could not see in the dark.   He suffered a cut to his eyelid, and it took three stitches to partially repair the damage.

Appellant had been on deferred adjudication community supervision for the offense of credit card or debit card abuse.   In December 2011, the State filed an amended application to proceed to final adjudication on that charge.   One of the allegations in the application was that

Appellant had fled from Officer Shafer and that Shafer had suffered a serious bodily injury when he ran into a clothesline. Appellant pleaded true to that allegation along with other allegations in the application. Appellant did not plead true to two of the paragraphs alleging violations of his community supervision agreement, and the State abandoned those allegations. As a result of his pleas of true, the trial court in that case found Appellant guilty and sentenced him to confinement for nine months in the state jail.

Appellant was indicted in February 2012 in this case for the felony offense of evading arrest or detention for the incident involving Officer Shafer. Appellant pleaded not guilty and waived his right to a jury trial. Following a bench trial, the trial court found Appellant guilty as charged and assessed punishment of imprisonment for ten years. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first and second issues, Appellant argues that the trial court erred in overruling his motion for a directed verdict and that the evidence is legally insufficient to support the verdict. Specifically, he argues that the evidence is insufficient to show that he was the person who fled from Officer Shafer. He does not contest the State's proof on the other elements of the offense. Because the argument that the trial court should have granted a motion for a directed verdict presents the same claim as a challenge to the legal sufficiency of the evidence, we will consider Appellant's two issues together. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

### Applicable Law

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality opinion). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323

2

S.W.3d at 899; ***Dewberry v. State***, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See **Brooks***, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See **Williams v. State***, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." ***Id.***

As charged in the indictment, the State's evidence had to show that Appellant intentionally fled from a person he knew was a peace officer who was attempting lawfully to arrest or detain him, and another person suffered serious bodily injury as a direct result of an attempt by the officer from whom Appellant was fleeing to apprehend him while he was in flight. *See* TEX. PENAL CODE ANN. § 38.04 (a), (b)(2)(B) (West Supp. 2012).

**Analysis**

No witness identified Appellant as the driver of the automobile who stopped the car and fled from the police on foot. The State's evidence included Appellant's judicial admission to committing the offense as well as evidence about the police efforts to arrest Appellant. There was a video of the initial part of the flight. The portion of the video showing the driver exiting the Lincoln is very brief, and we did not note any distinguishing features of the driver other than his body shape, apparent age and ethnicity, and clothing.[1] The State also offered several mentions of anonymous tips to the police that Appellant would be at the location where the police sought to detain him. Additionally, Appellant's brother testified that the Lincoln automobile shown in the

---

[1] It would be difficult for us to review a conclusion that the person depicted on the video is Appellant because the record does not contain a depiction of Appellant's appearance at trial. In the appropriate circumstances, we can presume that the finder of fact drew a reasonable conclusion that the person being described at trial was the defendant. *See **Rohlfing v. State***, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981). Those circumstances do not appear to be present in this case.

video was his vehicle and that he had loaned it to Appellant the morning of the offense. He testified that he did not know who had the vehicle at the time it was involved in the flight.

The State's most important evidence, however, was Appellant's judicial confession that he committed the offense. In a separate proceeding, Appellant pleaded true to the allegation that he fled from Officer Shafer and that it resulted in an injury to Shafer from a clothesline. As Appellant points out, however, there are problems with this evidence. First, Appellant pleaded true the allegation that he fled the officer on or about December 5, 2011. This differs from the date of the indictment. Additionally, the allegation describes the victim as "Officer Shafer." In the indictment, it is alleged that the victim was "Donald Shaffer."[2]

Second, there were problems with linking the court records containing the admission to Appellant. The fingerprint examiner testified that a print card contained prints that belonged to "Justin Dewberry" and that a fingerprint contained in the court records belonged to "Justin Lee Dewberry." However, he was never asked whether, and did not testify that, Appellant was the person who contributed the fingerprints either to the print card or to the court records.[3]

Appellant also asserts that the plea of true should not be sufficient to prove that he committed this offense because he was only pleading true to an allegation for which the State bore a lower burden of proof and because he testified that his plea of true was not knowingly made. Appellant testified that he pleaded true because his attorney told him to and that he did not understand that he was admitting he committed the present offense. Appellant also testified that he was not the person who ran from the police.

Appellant's testimony solves the State's evidentiary problem as to whether it was Appellant who pleaded true in the other proceeding and whether the plea of true was to the July incident during which Officer Shafer was injured. Appellant did not offer any evidence to suggest that his judicial confession was to another instance where he fled from Officer Shafer. And it was clear from his testimony that the plea documents were from another criminal

---

[2] To add additional confusion, Shafer identified himself at trial as "Luke Shafer." The eye doctor testified that he treated an officer by the name of "Donald Shafer." After he had finished testifying, the trial court judge asked Shafer's full name. He stated that his full name was "Donald Luke Shafer."

[3] This issue was brought to the attention of the trial court judge by way of a relevance objection to the documents. The objection was overruled, and it may be that the witness had made a nonverbal gesture to indicate that the documents were linked to Appellant.

4

proceeding in which he was the defendant. The difference in the identification of the injured officer, "Donald Shaffer" in the indictment and "Officer Shafer" in the revocation allegation, is small enough as to be immaterial absent an impingement of Appellant's ability to prepare a defense. *See*, *e.g.*, ***Byrd v. State***, 336 S.W.3d 242, 249-50 (Tex. Crim. App. 2011).

Appellant's testimony that he did not knowingly admit he was the person who ran and, in fact, that he did not run from Officer Shafer is contrary to the verdict. It is for the finder of fact to make a determination as to the credibility of Appellant's testimony and to decide which parts, if any, of his testimony to credit. *See*, *e.g.*, ***Brooks***, 323 S.W.3d at 899 (finder of fact is "sole judge of the witnesses' credibility and the weight to be given their testimony"). The finder of fact could have credited Appellant's concession that the revocation documents pertained to his case and discounted his assertion that he did not intend to admit to fleeing from Officer Shafer. Indeed, the documents from the revocation case show that the State alleged Appellant had associated with two specific individuals who had been charged with or convicted of criminal offenses. Apparently, this would have been a violation of his community supervision agreement. However, Appellant testified that he told his attorney that he did not know those individuals. He did not plead true to those paragraphs, and the State abandoned those paragraphs. Therefore, the State, although not required to, showed that Appellant had some interaction with the allegations in the amended petition to adjudicate, and the finder of fact could have concluded that his plea of true was an admission that he was the person who fled from the police. Finally, the finder of fact could have reasonably decided to credit Appellant's admission despite the lower burden of proof required to demonstrate a violation of a deferred adjudication community supervision agreement.

After our review of all of the evidence admitted at trial, we hold that the conviction is supported by ample evidence and that a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. The finder of fact was entitled to take Appellant's admission that he fled from Officer Shafer at face value and to discount his assertions that his plea was unknowingly made. We overrule Appellant's first and second issues.

### DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the judgment of the trial court.

5

**SAM GRIFFITH**
Justice

Opinion delivered February 28, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**FEBRUARY 28, 2013**

**NO. 12-12-00184-CR**

**JUSTIN DEWBERRY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 114-0108-12)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*